**Commonwealth v. Larew**

*James T. Davis*, for Commonwealth.
*Vincent J. Roskovensky*, for defendant.

ADAMS, *J.*, April 24, 1980—The matters presently before the court are the motions of Clarence Larew for a new trial and in arrest of judgment. Larew was convicted by a jury of robbery on February 4, 1980. In his post-trial motions, defendant now contends that he was denied his right to a speedy trial; that the verdict was against the evidence; that the verdict was against the weight of the evidence; and that the verdict was against the law. The court after reviewing the record finds all grounds asserted by defendant to be meritless and therefore denies his motions.

Defendant was originally charged with the crimes of robbery and criminal conspiracy stemming from an incident occurring December 11, 1978. A guilty plea was entered on these charges on October 2, 1979 and was subsequently withdrawn on November 30, 1979. On the motion of defendant the matter was continued to the December session of criminal court and then at the further request of defendant to the January term of criminal court.

Trial of these charges originally began on January 7, 1980 and ended in a mistrial on defendant's motion because of interference with one of the jurors. As a result of the mistrial defendant's case was continued until the February term of criminal court when a new trial was held. It was this trial which culminated in defendant's conviction.

Defendant advances the argument that the February 4, 1980 trial did not commence within the time limits established by Pa.R.Crim.P 1100. Defendant asserts that at the time of the mistrial on January 7, 1980 three days remained within the time allowed by the rule for the Commonwealth to commence trial. It is defendant's position that since the retrial did not commence within three days of the grant of a mistrial, Rule 1100 demands that the prosecution be dismissed for defendant requested no continuance and the Commonwealth obtained no extension of time.

Rule 1100 in pertinent part provides: "(e)(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial." The issue for the court's resolution is: where a mistrial has been granted at the request of defendant, does the Commonwealth have 120 additional days to bring defendant to trial without the necessity of filing a motion for continuance? The court finds that the Commonwealth does have 120 days to bring defendant to trial and that in the instant case the Commonwealth is in compliance with the rule.

Rule 1100 offers no definition to the term "new trial." There is no authority which implies that the term "new trial" should be construed more narrowly than its plain meaning suggests. In the case at bar, after Larew's motion for mistrial was granted, defendant was given a new trial which was held the next term of criminal court. We cannot accept defendant's contention that this was not a situation contemplated by Rule 1100(e)(1). The court finds defendant was prosecuted within the period required by Rule 1100.

• • •

Accordingly, the court enters the following

## ORDER

And now, April 24, 1980, the motions of defendant Clarence Larew for a new trial and in arrest of judgment are denied.

Defendant shall appear for sentencing on May 29, 1980.